**ARROW PETROLEUM COMPANY,**
**Plaintiff,**

v.

**TEXACO, INC., Defendant.**

**No. C–1–77–241.**

United States District Court,
S. D. Ohio, W. D.

Oct. 28, 1980.

Frederick J. McGavran, Cincinnati, Ohio, for plaintiff.

Thomas S. Shore, Jr., Cincinnati, Ohio, G. Kenneth Handley, White Plains, N. Y., for defendant.

## OPINION

SPIEGEL, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment (doc. 18) as to claim IV of the complaint (doc. 1) and on Hidy Transportation Company's motion to intervene (doc. 45). Defendant filed a memorandum in opposition to plaintiff's summary judgment motion (doc. 24), and plaintiff filed a reply memorandum in support (doc. 26). Both parties have filed synopses of their basic motions (docs. 32 and 35). Plaintiff was granted leave to file supplemental authority in support of its motion (notation, doc. 44) and thereafter filed a supplemental memorandum in support (doc. 53). Defendant's reply memorandum was sent to the Court directly and was filed by the Court (doc. 54). Defendant also filed a memorandum in opposition to Hidy Transportation Company's motion to intervene (doc. 48). A hearing on both motions was held on September 10, 1980.

For the reasons set forth in this Opinion, plaintiff's motion for summary judgment is granted as to liability but is denied as to damages. Defendant is granted the right to counterclaim on the issue of "cross–billing," but this shall not constitute a defense to plaintiff's claim under Count IV. Hidy Transportation Company's motion to intervene is denied.

*The Pleadings*

Plaintiff's complaint (doc. 1) alleges four claims against defendant. The first three are antitrust claims, charging that the Consignment Agreement (Ex. A to doc. 1) entered into between plaintiff and defendant is an illegal agreement constituting, along with defendant's actions: (1) per se violations of section one of the Sherman Act, 15

U.S.C. § 1; (2) unreasonable restraints of trade in violation of section one of the Sherman Act; (3) attempts to create a monopoly in violation of section two of the Sherman Act. Count IV, the claim as to which plaintiff has moved for summary judgment, charges that defendant violated section 5 of the Emergency Petroleum Allocation Act, 15 U.S.C. § 754, by refusing to comply with an order of the Federal Energy Administration (FEA) (now Department of Energy (DOE)) requiring defendant to supply plaintiff with 10,930,688 gallons of gasoline per year.

In its answer and counterclaim (doc. 6) defendant alleged as its eighth defense that plaintiff's claims are barred by its own conduct *in pari delicto*, which is set forth in detail under paragraph 6 of defendant's first claim. In essence, defendant charges that plaintiff, through its dual position as Texaco consignee and gasoline station reseller, engaged in a fraudulent "cross–billing" scheme by which Arrow was able to purchase gasoline for resale in its own stations at prices lower than Texaco's authorized prices for sales to service station resellers.

The undisputed facts in this case are as follows: Arrow was from 1962 to 1973 a consignee of Texaco (doc. 24, p. 1). In 1973 Texaco terminated the consignment agreement (doc. 24, p. 3). On April 17, 1974 the FEA informed Texaco that it was obliged, under regulations promulgated pursuant to the Emergency Petroleum Allocation Act of 1973, to resume supplying Arrow since Arrow had been its customer during the 1972 base period (doc. 18, p. 3; doc. 24, p. 4). On March 3, 1975, the FEA ordered Texaco to supply Arrow with 10,930,688 gallons of gasoline per year (Ex. B to complaint). On Texaco's appeal, this order was affirmed by the FEA on October 6, 1975, in an opinion discussing and ruling on Texaco's arguments against being required to resume supplying Arrow (Ex. C to complaint). On June 22, 1975 the FEA denied Texaco's application for modification (Ex. D to complaint).

*Motion for Summary Judgment as to Liability*

Rule 56, Fed.R.Civ.P., provides that summary judgment is to be granted whenever the matters considered by the Court disclose "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The rule also states, "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed.R.Civ.P. 56(c).

The facts relating to the issuance and affirmance by the FEA of orders to Texaco to supply Arrow with gasoline are not in dispute. The Court has determined that these were final orders, appealable to a district court under section 5 of the Emergency Petroleum Allocation Act, 15 U.S.C. § 754, which incorporates section 210 of the Economic Stabilization Act of 1970, codified as a note under 12 U.S.C. § 1904. In addition, section 211(b) of the Act creates the Temporary Emergency Court of Appeals and grants it jurisdiction over all appeals under the Act.

Furthermore, both the October 6, 1975 affirmance by the FEA of its original order and the June 22, 1976 denial by the FEA of Texaco's request for modification of the order (Ex. C and Ex. D to complaint) conclude with the following language, "This is a final order of the Federal Energy Administration of which any aggrieved party may seek judicial review." Texaco did not seek judicial review of these orders. Moreover, section 205.120 of the regulations provides, "All applicable DOE orders, regulations, rulings and generally applicable requirements shall be complied with unless and until an application for a stay or temporary exception is granted." 10 CFR § 205.120(c). There is no evidence that Texaco attempted to obtain a stay or temporary exception to these orders.

▄ Texaco contends, in its pleadings and on oral argument, that the issue of Arrow's "cross–billing" constitutes a defense to its failure to comply with the FEA orders and raises a genuine issue of fact

which precludes summary judgment (doc. 24). The Court's position is that cross–billing is not a legal defense because the FEA was aware of the claim, considered it and nevertheless affirmed its order to Texaco to supply Arrow. Since Texaco did not seek judicial review of the FEA order, it lost whatever right it may have had to assert cross–billing as a defense. Rule 8(c), Fed.R. Civ.P., permits the Court to designate and treat a defense as a counterclaim if justice so requires. The Court therefore holds that the matter of Arrow's cross–billing is properly the subject of a counterclaim, and it shall be designated and treated as such for purposes of trial.

■ Texaco also maintains that Arrow perpetrated a fraud on the Court by denying to the FEA that it was guilty of fraud against Texaco (doc. 54, p. 8, p. 10 n. 9). Arrow argues that Texaco certainly would have appealed those orders if there were evidence to support the charge (doc. 53, p. 6). The Court finds that Texaco has failed to offer any evidence which could constitute proof of such a serious charge. Cases finding fraud on the Court have usually been those disclosing "the most egregious conduct involving a corruption of the judicial process itself." *Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.D.C.1969), cited in Wright & Miller, *Federal Practice and Procedure* § 2870. A charge of fraud on the Court "is addressed to the sound discretion of the Court." *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). This Court exercises its sound discretion in favor of finding no merit to the present allegation. It is clear that the FEA was fully aware of Texaco's cross–billing charge, of the fact that Texaco had filed a civil action against Arrow in the Hamilton County, Ohio Common Pleas Court and of Arrow's responsive pleadings, alleging awareness of the scheme on Texaco's part (Ex. C to complaint, at 5–7). The FEA chose to leave to the courts resolution of this issue and affirmed the original FEA order, leaving the door open for Texaco to file an exception application should it win its case in court. As previously discussed, Texaco did not seek judicial review of this

order, nor did it pursue its Common Pleas Court action. Having failed to avail itself of the appropriate remedies or to offer proof of fraud on the court, Texaco is bound by the FEA order, and summary judgment as to liability must therefore be granted.

*Motion for Summary Judgment as to Damages*

In contrast to liability, the issue of damages is complex. There are material facts in dispute, in addition to the question of damages which might accrue to Texaco on its cross–billing claim, so that summary judgment on this issue would be inappropriate.

■ Arrow claims that the measure of damages is simply the total gallonage of gasoline which Texaco failed to deliver multiplied by the applicable commission rate. This was the measure of damages in *Bulzan v. ARCO*, 620 F.2d 278, ¶ 9757 Energy Mgt. Rptr. (CCH) (Em.App.1980). Texaco raises several issues, supported by certain affidavits, which tend to call into question this simple formula. For example, Texaco argues: (1) that the FEA's April 17, 1974 letter was not an "order" so that no damages could result to Arrow for Texaco's failure to comply with that letter; (2) that in any case Texaco did not refuse to supply Arrow, but Arrow failed to request supplies; (3) that Texaco's appropriation of some of Arrow's former customers was not improper so long as Texaco was willing to supply Arrow with the mandated gallonage of gasoline; (4) that Arrow has not established whether it could have sold the total allocation of gasoline had it been supplied by Texaco; (5) that Arrow did not attempt to mitigate damages. Texaco's counterclaim, in which it will attempt to prove damages by reason of Arrow's allegedly fraudulent cross–billing scheme, further complicates the measure of damages.

Without passing on the merits of any of Texaco's arguments, it is the Court's position that issues of material fact have been raised. Moreover, the complexity of the

facts relating to damages make this issue unsuitable for summary judgment. *Ohio Edison Co. v. City of Hubbard*, 69 F.R.D. 58 (N.D.Ohio 1975), cited in Wright & Miller, *Federal Practice and Procedure* § 2725. Accordingly, plaintiff's motion for summary judgment is denied as to damages. This issue will be set for trial, at which time all disputed facts will be litigated, and plaintiff's total dollar damages will be specifically ascertained. Defendant will have an opportunity to establish all the elements of fraud as to its cross–billing claim and to prove the damages, if any, it has suffered. If such damages are proved, they will be set off against whatever recovery Arrow is entitled to under the FEA order.

*Motion to Intervene*

Hidy Transportation Company is in the business of wholesaling and transporting petroleum products, and it transported, by agreement with Texaco, all gasoline which Arrow received from Texaco under its Consignment Agreement. Hidy and Arrow formerly were commonly owned. Hidy claims injury similar to Arrow's arising from Texaco's termination of its Consignment Agreement with Arrow and its agreement with Hidy. Hidy also claims the status of third party beneficiary of Texaco's agreement with Arrow.

Hidy moved for leave to intervene under Fed.R.Civ.P. 24(a), Intervention of Right, on the grounds that its claims arise from the same subject matter as do the claims of Arrow Petroleum and that disposition of the action may impair or impede Hidy's ability to protect its interests (doc. 45). In the alternative, Hidy moved for permissive intervention under Fed.R.Civ.P. 24(b)(2) on the grounds that its claims raise common questions of law and fact with Arrow's claims.

Texaco argues that intervention here is not a matter of right since Hidy has not shown it would be adversely affected by the outcome of the litigation, or that Arrow's counsel, who is also Hidy's counsel, will not adequately represent Hidy's interests. Fed. R.Civ.P. 24(a)(2). Texaco also contends that permissive intervention should not be granted because the motion is not timely, is frivolous, and denial will not prejudice Hidy's claim which, Texaco insists, has little in common with the main action. Texaco states further that it has a $52,000 collection claim against Hidy which would have to be filed as a counterclaim if Hidy's motion to intervene is granted (Ex. A to doc. 48).

■ The Court is of the opinion that Hidy is not entitled to intervention of right. Its interest is adequately represented by Arrow. Fed.R.Civ.P. 24(a)(2). Thus, intervention is within the Court's discretion under Rule 24(b). The Rule states, "In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The Court finds that this case is already sufficiently complex and has been pending for such an extended period of time that allowing Hidy's intervention would unduly delay the litigation. Hidy's motion to intervene is therefore denied.